**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


ROBERT GENE ROSS,

        Plaintiff,

v.                                                                                   No. CIV-06-0867 RB/RLP

JOE WILLIAMS (DIRECTOR)
N.M. CORRECTION DEPARTMENT,
GEORGE TAPIA (WARDEN)
WESTERN N.M. CORR. FACILITY,

        Defendants.


MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint and several pending motions. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint, which purports to initiate a class action, contains fifteen Counts challenging conditions of Plaintiff's confinement. Plaintiff names the warden and the New Mexico Secretary of Corrections as Defendants. His claims include denial of rehabilitative programs, access to legal materials, and medical care; abuse of classification, disciplinary, and good time credit policies; deprivation of property; and harassment. The complaint seeks damages and equitable relief.

As a preliminary matter, Plaintiff's complaint may not be certified as a class action. The complaint is signed only by the pro se Plaintiff Ross.[1] "Under Rule 23(a)(4), a class representative must 'fairly and adequately protect the interests of the class.' A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1769.1 & n.12 (2d ed. 1986) (citing cases for rule that 'class representatives cannot appear pro se')." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). The Court will deny Plaintiff's request to certify a class.

A number of Counts in the complaint describe unsatisfactory institutional conditions but make no allegation of injury to Plaintiff. No relief is available on Counts I and II, which complain of the lack of rehabilitation/work and anti-recidivism programs. Without a statutory entitlement or a specific constitutional right at stake, rehabilitative programs are not secured by the Due Process Clause. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976); *Christensen v. Zavaras*, No. 98-1096, 1998 WL 796123, at \*\*2 (10th Cir. Nov. 17, 1998). Furthermore, the Constitution does not

---

[1] In text, the complaint appears to contain signatures of twenty-four other inmates who "support" the complaint, possibly indicating a multi-plaintiff complaint. On the other hand, every document filed since the complaint, including the motion for leave to proceed in forma pauperis, is signed only by Plaintiff Ross.

create a property or liberty interest in an inmate's prison employment, *see, e.g., Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), or in any particular job assignment while imprisoned, *see Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). The Court will dismiss Counts I and II.

In Count IV, V, and VII, Plaintiff claims that Defendants abuse the department's urinalysis policy, the "point" system for classification of inmates, and administrative segregation policy. Plaintiff does not allege that he has been injured by these actions, and under *Lewis v. Casey*, 518 U.S. 343, 351 (1996), he does not have standing to assert these claims. In Count VI, Plaintiff alleges that 90% of the food served at the prison reflects Hispanic culture--of which he is not a part--thereby violating his Eighth Amendment right to be free from cruel and unusual punishment. Even if true, this allegation does not state a claim for relief. Nothing less than the "'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citations omitted). Plaintiff does not allege denial of a special medical diet, *see Ayers v. Uphoff*, 1 F. App'x 851, 855 (10th Cir. 2001), and Counts IV, V, VI, and VII will be dismissed.

Plaintiff alleges in Count VIII that he was subjected to retaliatory disciplinary proceedings initiated by a correctional officer. The complaint does not identify the retaliating guard as a defendant. Under the rule against respondeat superior liability in § 1983 actions, *see Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006), the allegations in Count VIII do not state a claim against Defendants Williams and Tapia. Count VIII will be dismissed without prejudice.

Plaintiff alleges in Count IX that he was wrongly deprived of good time credits when he failed to appear one day for his prison job, and Count X is for denial of a lump sum award of credit against his sentence. He asks that those credits be restored. His claims for deprivation of credits must be brought in habeas corpus proceedings, *see Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at

\*\*1 (10th Cir. Oct. 30, 2000), and will be dismissed without prejudice.

In Count XI, Plaintiff alleges that Defendants have misappropriated funds that he earned from prison employment. As a starting point, an inmate enjoys no constitutional right to wages for labor performed during incarceration. *See Rochon v. Louisiana State Penitentiary Inmate Account*, 880 F.2d 845, 846 (5th Cir. 1989). On the other hand, where a state statute creates a property right to such wages, an inmate may not be deprived of wages for work performed without being afforded due process. *See Gillihan v. Shilling*, 872 F.2d 935, 939 (10th Cir. 1989). Plaintiff's claim is that Defendants have violated his property interest created by the inmate wage statute by taking deductions taken for "Criminal Victims Restitution" and the prison's gate money policy. The question thus becomes whether due process is violated by a state statute or regulation which takes away what another statute gives.[2]

A claim of due process violation by operation of a state civil statute invokes only a low level of judicial scrutiny unless a fundamental right is at issue. *See Murphy v. Matheson*, 742 F.2d 564, 575 (10th Cir. 1984) (citations omitted). The primary flaw in Plaintiff's claim is that the deductions are contemplated by the language of the very statutes which authorize prison wages. *See* N.M. Stat. §§ 33-2-26, 33-8-8 (Repl. Pamp. 1998). Furthermore, the Court presumes that the regulations are constitutional, *see Murphy*, 742 F.2d at 575, and the deductions bear a reasonable relation to funding the Act, *see id.* No relief can be granted on this claim. *See Brady*, 1993 WL 525680 at \*\*1.

Plaintiff claims in Count XII that the prison's grievance system is ineffective. "These

---

[2] Plaintiff does not identify a New Mexico statute that entitles him to wages for prison work. The Court assumes *arguendo* that the claim arises under N.M. Stat. § 33-2-26 (Repl. Pamp. 1998), based on the allegation that deductions are taken from his wages. *See Brady v. Tansy*, No. No. 93-2008, 1993 WL 525680, at \*1 (10th Cir. Dec. 21, 1993).

4

allegations failed to state a claim as a matter of law because prison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.' " *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000), quoting *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). The Court will dismiss Count XII.

IT IS THEREFORE ORDERED that Plaintiff's motions for hearing (Doc. 5), to move forward (Doc. 11), and to relieve burden of restrictions (Doc. 12) are DENIED at this time;

IT IS FURTHER ORDERED that Plaintiff's request in the complaint for certification of a class action is DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims in Counts I, II, IV, V, VI, VII, XI, and XII are DISMISSED with prejudice; the claims in Counts VIII, IX, and X are DISMISSED without prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to issue forms of notice and waiver of service, with copies of the complaint, for Defendants Williams and Tapia on Plaintiff's claims in Counts III, IIIa, XIII, XIV, and XV.

_____
UNITED STATES DISTRICT JUDGE