IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT GENE ROSS,

       Plaintiff,

v.                                                       No. CIV-06-0867 RB/RLP

JOE WILLIAMS, et al.,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 18) filed December 18, 2006. Plaintiff filed the motion within ten days after entry of the order entered December 8, 2006, which dismissed several claims in his complaint. The reconsideration motion challenges the substantive analysis in the order of dismissal and is therefore construed under Fed. R. Civ. P. 59(e). *See Jennings v. Rivers*, 394 F.3d 850, 855 and n.4 (10th Cir. 2005). Plaintiff asks the Court to vacate the dismissal of two claims in his complaint, characterize both claims as "harassment," and adjudicate them.

Proper grounds for a rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). Of these three grounds, Plaintiff does not argue that the law has changed or new evidence has appeared. His argument, therefore, is that the Court must set aside the dismissal of Counts VII and VIII in order to correct error or prevent injustice.

The allegations in Plaintiff's motion do not justify granting the relief he seeks. The Court dismissed Count VII because Plaintiff's complaint does not allege an injury resulting from abuse

of segregation policies.  Plaintiff's only ground for reconsideration is an allegation that one period of lockdown was frivolous.  Count VIII was dismissed for lack of an allegation that an identifiable Defendant had retaliated against Plaintiff in disciplinary proceedings.  Plaintiff's only assertion of error as to this claim is that a guard wrote him up because she disliked her job.  These allegations do not show clear error in the prior order or manifest injustice resulting therefrom.  *See Servants of the Paraclete*, 204 F.3d at 1012.  The motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Doc. 18) filed December 18, 2006, construed herein as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), is DENIED.

_____
UNITED STATES DISTRICT JUDGE