IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT GENE ROSS, *pro se*,

    Plaintiff,

v.                                                            Civ. 06-0867 RB/RLP

JOE WILLIAMS, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court on Plaintiff's "Motion [for Order] to Show Cause for a Preliminary Injunction and Temporary Restraining Order." Plaintiff objects to the prison's crushing of his psychotropic medications and seeks injunctive relief. The crushing of medications was also a claim asserted in his Complaint filed pursuant to 42 U.S.C. § 1983, and this claim is exhausted.

    To prevail on a request for a preliminary injunction or temporary restraining order (TRO), Plaintiff has the burden to show the following four conditions are met: (1) irreparable harm to Plaintiff if the injunction is not granted; (2) a substantial likelihood that he will prevail on the merits; (3) threatened injury to Plaintiff outweighs possible harm to the opposing party if the injunction is granted; and (4) that the injunction would not be contrary to public interest. *ACLU v. Johnson*, 194 F.3d 1149, 1155 (1999).

    The Eighth Amendment prohibits cruel and unusual punishment of inmates and an inmates right to medical care is violated when prison officials' conduct amounts to "deliberate indifference" to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The prison has a policy of crushing psychotropic medications (or, if in capsule form, floating them in water).  The stated purpose of the policy is to prevent hoarding of these medications.  *See Martinez* Report [Doc. 42] at Exhibit 7d.  Plaintiff asserts that the crushed medications upset his stomach and that prison doctors indicate they cannot change prison policy.  However, Plaintiff does not submit any documentation from a physician that indicates that he is being harmed by the crushed medications.  And the Court further notes that an upset stomach, or even a wave of nausea, does not constitute a serious medical condition.

Plaintiff has failed to allege a serious medical condition and he has likewise failed to show that prison officials have acted with deliberate indifference.  Thus, Plaintiff has failed to meet his burden on the first three factors for obtaining injunctive relief and thus the Court does not look at the fourth factor.

IT IS THEREFORE ORDERED that Plaintiff's Motion [for Order] to Show Cause for a Preliminary Injunction and Temporary Restraining Order [Doc. 57] is denied.

IT IS SO ORDERED.

Robert C. Brack
United States District Judge