THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT GENE ROSS, *pro se*,

    Plaintiff,

v.                                                          Civ. 06-0867 RB/RLP

JOE WILLIAMS, *et al.*,

    Defendants

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983. Plaintiff alleged various constitutional violations, some of which were dismissed (along with certain Defendants) by the district court in an earlier order. *See* Doc. 16. This Court ordered Defendants to submit a *Martinez* Report [Doc. 32] and Defendants submitted the Report on May 2, 2007 [Doc. 42] and Plaintiff has filed his Response [Doc. 47]. Subsequent to his Response, Plaintiff has filed a Motion for Hearing [Doc. 52] and a Motion to Appoint Counsel [Doc. 55].

    2.    The Order for the *Martinez* Report asked Defendants to address the Plaintiff's remaining claims in this case, specifically whether Defendants have (1) failed to provide adequate library materials and overcharged for copies; (2) failed to allow inmates access to toilets and running water; (3) required Plaintiff to adhere to prison regulations requiring crushing of medications; and (4) failed to curb abuse of the inmate disciplinary policies.

    3.    <u>Inadequate library materials</u>.  After generally arguing that the prison library is inadequate because it does not contain federal and state case law, Plaintiff alleges that he tried to file a habeas petition but lost because he "had nothing to refer to." He

states he received ineffective assistance of counsel during his criminal trial and was improperly sentenced. Response, page 2 of Affidavit following page 11 of Response. This claim was exhausted.

      4.      General allegations of the inadequacy of a prison legal library are insufficient to state a claim that a plaintiff has been denied access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The Plaintiff must show actual injury. *Id*. Plaintiff's allegations are insufficient to show actual injury. A hand-written petition stating the facts necessary to support his claim is sufficient for a habeas petition; access to New Mexico and federal case law would not have furthered his case. He acknowledges that the prison library does contain state and federal statutes, to which he could have referred if necessary. In short, his claim is merely conclusory and insufficient to allege a constitutional deprivation under § 1983.

      5.      As a second component to this claim, Plaintiff alleges that charges for photocopies denied him access to the courts. The grievance that he filed claimed he was charged $300.00 for photocopies. The grievance was returned, asking Plaintiff to be more specific and give dates. *See Martinez* Report, Exhibits 3-3a-3b. When he failed to do so, the grievance was denied. Exhibit 4. In Plaintiff's Response, he included an affidavit that alleges he was denied copying because he had already reached his $300.00 copy limit. *See* Response, Affidavit following page 23. He alleges that because he was denied additional copies, he could not prepare for his trial, that witnesses changed their testimony, and he lost his case, citing to *Lewis v. Casey* and the requirement that he show an actual injury.

      6.      Regardless of which of the two versions is correct, Plaintiff has failed to

indicate to this Court how the denial of copies caused actual injury.  In the first instance, he did not indicate that when he was denied legal copying he suffered an injury.  In the second instance, he does not show how a lack of copies caused witnesses to change their testimony or caused him to lose his case .  Accordingly, this claim is without merit.

      7.    <u>Denied access to toilets and water facilities</u>.  Plaintiff alleges an Eighth Amendment violation due to the prison's denial of access to toilets and water facilities during one or more lockdowns.   His grievance indicates that such facilities are unavailable "for hours at a time."  He states that "to use the toilet one at a time with 48 inmates" caused him to wait one or two hours  before the facility was available. *Martinez* Report, Exhibit 5.

      8.    Under certain circumstances, the denial of access to toilet facilities may give rise to an Eighth Amendment violation. *See, e.g.*, *Howard v. Wheaton*, 668 F. Supp. 1140, 1141-43 (N .D. Ill.1987). However, such violations have generally been found only when the duration of the deprivation is sufficiently long, or when the deprivation is an ongoing condition of confinement, rather than the result of an isolated incident.  *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir.1996) ("[T]he length of time a prisoner is subjected to harsh conditions is a critical factor in [an Eighth Amendment] analysis. Conditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months." (citations omitted)).

      9.    Based on the applicable law and the facts as given, the Court finds that sharing toilet facilities with 47 other inmates and having to wait two or more hours at a time to use the facilities during a prison lockdown does not violate the Eighth Amendment.  *See Trevino v.  Jones*, --F.  Supp.2d--, 2007 WL 710213, *8 (N.D.  Okla.

2007) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (2001).

10. <u>Medications</u>.  Plaintiff filed a grievance alleging that the prison policy requiring the crushing of psychotropic medications violates the Eight Amendment because crushing a time-release medication changes the nature of the medication.  The grievance was denied.  *See Martinez* Report, Exhibits 7 - 9.  In his Affidavit, *see* Response following page 34, he alleges that receiving crushed medications upsets his stomach.

11. The Eighth Amendment requires that inmates receive adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  To prove an Eighth Amendment violation, the inmate must show that prison officials were deliberately indifferent to a serious medical need.   The prison policy at issue here requires that psychotropic medications be crushed or, if in capsule form, floated in water.  *Martinez Report*, Exhibit 7d.  The stated purpose of this policy is to prevent hoarding of psychotropic medication.  *Id*.  Plaintiff alleges no facts which indicate that adherence to this policy violates his Eighth Amendment rights because he has failed show deliberate indifference to a serious medical need.

12. <u>Failure to curb abuse of the inmate disciplinary policies</u>.  In the grievance form submitted by Defendants with the *Martinez* Report, Plaintiff complains about the arbitrary policy of illegal segregation.  Exhibit 10.  The grievance was denied for lack of specificity.  Exhibit 11.  In Plaintiff's Response, he submits another grievance entitled "Harassment - Abuse of Authority" which concerns intimidation and threats from the multi-disciplinary treatment team.  Response, page 46.  In his Affidavit, following page 45, Plaintiff identifies several incidents for which he and others were disciplined.  For

example, he states that one inmate wouldn't pick up a piece of paper and Unit 3 was then placed under lockdown. He claims that when a cigarette stash was found, the unit was locked down for days

13.     Even if these claims are treated as arising under the Eighth Amendment's prohibition for cruel and unusual punishment, the lack of specificity and lack of factual support requires denial of these claims. Plaintiff's further complaint, that he was improperly written up for not wearing a tee-shirt when using the toilet facilities, does not state a claim for relief because he does not allege that a disciplinary proceeding took place which violated his due process rights. *Abdulhaseeb v. Ward*, 173 Fed.Appx. 658 (10th Cir. 2006).

16.     Having reviewed the parties' submissions, the Court finds that (1) each of Plaintiff's claims are unsupported by the required factual specificity; (2) there are no material facts in dispute; (3) none of Plaintiff's allegations rise to the level of a constitutional violation; and (4) Plaintiff has failed to state a claim upon which relief may be granted. Whether analyzed under 28 U.S.C. § 1915(e)(2)(B)(ii), Fed.R.Civ.P. 12(b)(6), or Fed.R.Civ.P. 56, Plaintiff's Complaint should be dismissed and the pending motions denied.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion for Hearing [Doc. 52] and Plaintiff's Motion for Appointment of Counsel [Doc. 55] be denied. I recommend that Plaintiff's Complaint be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.